IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION



SOUTHERN DISTRICT OF MISSISSIPPI
FILED
JAN 16 2015
ARTHUR JOHNSTON
BY_____ DEPUTY

**SUSAN HILL, Individually**                                    **PLAINTIFF**

VS.                                    CIVIL ACTION NO. 3:15cv37 DPJ-FKB

**MADISON COUNTY, MISSISSIPPI;
CITY OF MADISON, MISSISSIPPI;
and JOHN DOE'S 1-10**                                    **DEFENDANTS**

## COMPLAINT

## JURY TRIAL DEMANDED

**COMES NOW**, Plaintiff Susan Hill, and files this her Complaint against Defendants Madison County, Mississippi; City of Madison, Mississippi; and John Does 1-10, and for said cause would show unto this Honorable Court the following, to-wit:

## INTRODUCTION

1.     This civil action is brought pursuant to 42 U.S.C. Section 1983 and 1988 and the Fourth and Fourteenth Amendments to the United States Constitution. This action seeks redress for the deprivation under color of statute, ordinance, regulation, custom or usage, pattern and practice of a right, privilege, and immunity secured to Plaintiff by the Fourth and Fourteenth Amendments to the Constitution. The action also seeks monetary damages for violations and deprivations of Plaintiff's federal constitutional rights.

1

## PARTIES

2. At all times relevant to this Complaint, Plaintiff, Susan Hill, was an adult resident citizen of Hinds County, Mississippi.

3. Defendant, Madison County, is an acknowledged governmental entity organized and existing under the laws of the State of Mississippi that employs, trains, and supervises members of the Madison County Sheriff's Department. Madison County is a "person" and a "state actor" within the meaning of the Title 42 U.S.C. Section 1983. Madison County may be served with process of this Court by serving Ronny Lott, Madison County Chancery Clerk, 125 W. North Street Canton, Mississippi 39046.

4. Madison County is responsible for training, controlling, and supervising its deputies, including the defendant members of the Madison County Sheriff's Department, and for adopting rules and regulations, setting and determining policy, custom or usage, pattern and practice and overseeing the operations of its employees, including county personnel.

5. Defendant, City of Madison, Mississippi, is an acknowledged governmental entity organized and existing under the laws of the State of Mississippi that employs, trains, and supervises police officers through its Police Department. The City is a "person" and a "state actor" within the meaning of Title 42 USC Section 1983. The City of Madison may be served with process of this Court by serving Mayor Mary Hawkins Butler C/O Susan Crandall, City Clerk 1004 Madison Avenue Madison, Mississippi 39110.

6. Defendant City of Madison is responsible for training, controlling, and supervising its police officers, including the defendant police officers, and for adopting rules and regulations setting and determining policy, custom and usage, pattern and practice and overseeing the operations of its employees, including police personnel.

7. John Doe's 1-10 are unnamed Defendants which may be persons or governmental entities, as described under the laws of the State of Mississippi, or Companies who manufacture "less lethal" products. Upon discovery of their identify, the John Doe's will be substituted as named members are identified.

8. At all times material to this Complaint, the Defendants actions, conducts, decisions and omissions described herein, were under color of law.

## JURISDICTION AND VENUE

9. This civil action arises under the Fourth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. 1983, and the Mississippi State Constitution. Jurisdiction is conferred on this Court pursuant to 28 U.S.C. Sections 1331 and 1343.

10. Plaintiff's claims for damages are made pursuant to 42 USC 1983. Plaintiff's prayer for relief is for costs, including reasonable attorney fees authorized by 42 USC Section 1988.

11. Venue is proper under 28 USC Section 1391(b) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this district.

## FACTS

12. On or about January 18, 2012, Mrs. Susan Hill received a phone call while she was at work from an unnamed law enforcement officer, asking her did her husband Rodney Hill have any weapons, including guns, in her residence located at 399 Davis Crossing Road. Susan Hill was estranged from her Husband Rodney Hill at the time.

13. Susan Hill asked the officer what was going on, and the unnamed officer hung up and did not answer her. Subsequently, a short time later, Mrs. Hill received

another phone call from an officer, this time asking her did Rodney Hill have any secret rooms and/or passages in the residence. Mrs. Hill informed the officer that her home only had an attic. Mrs. Hill was never given an answer by any member of law enforcement, as to the events that were transpiring at her residence, and only learned of it when she was watching the news and heard a story of law enforcement agencies hunting a man in Canton. Ms. Hill recognized the home on the news as hers.

14. Susan Hill then proceeded to call her neighbors to see if they heard or knew what was going on. Without Mrs. Hill's knowledge of what was transpiring at her residence; law enforcement agencies, including but not limited to: City of Madison Police Department; and the Madison County Sheriff's Department were attacking the residence in a melodramatic and exaggerated manner as though they were conducting a military attack, and more egregious is that said attack was all done without a search warrant.

15. In an attempt to capture Rodney Hill, law enforcement officers busted some thirteen (13) or more windows in Ms. Hill's home. In addition, Defendants vandalized the home by busting some twenty-six or more holes in the dry-walls and ceilings, destroyed bathroom fixtures, destroyed clothes and personal property. Moreover, Defendants deployed a massive and unreasonable amount of chemical agents, i.e. six or more cans of gas, one of which did not deploy, and other less lethal chemical agents in Ms. Hill's home. All this was done in an effort to capture Mr. Rodney Hill, however no search warrant was issued or presented to Mrs. Hill that would allow law enforcement officers to enter her residence. Upon arriving at her home after being called, Mrs. Hill repeatedly requested a copy of a search warrant from officers on scene, and was never provided one.

16. When Susan Hill was allowed in the residence after the incident, she some four or more days cleaning the property; including, throwing away clothes from shattered glass, sweeping shattered glass, boarding windows in order to sleep peaceably, as the weather was cold and rainy, and washing curtains. There was an extreme pungent odor lingering from the gas in the home for a lengthy time after the attack. Accordingly, Susan Hill, had trouble breathing and sleeping comfortable. Ms. Hill had to take took time off work in order to deal with law enforcement's attack on her home, and she ultimately ended up losing her home, as after the incident the rates on her home owner's insurance increased to an amount so excessive Ms. Hill could no longer afford the mortgage and insurance.

17. Upon information and belief, law enforcement officials removed weapons from the residence at Davis Crossing Road, which to date have not been returned, and no monetary value paid to Mrs. Hill. In addition, the front driver and passenger tires of Mrs. Hill's Jeep were intentionally cut and on flat, in an apparent effort to keep anyone in the residence from leaving. In addition, the Jeep sustained damage to the hood, as it had been jumped on by law enforcement officers, in an apparent effort to deploy gas inside the residence through the roof area of the home.

18. No member of any law enforcement agency provided instructions, a clean-up crew, hazmat crew, or provided any assistance of the like to Susan Hill with respect to cleaning and clearing the chemical agents and/or residue from the residence. Susan Hill attempted to clean her own home of the chemical agents and/or residue; including spent deployed and un-deployed less lethal devices. Susan Hill contacted representatives from the County and the above-referenced law enforcement agencies regarding the damages to

her residence and the weapons taken, and she was told by members of law enforcement "to file a lawsuit."

19.	As a proximate result of the actions of the defendants, as mentioned above, Plaintiff's home and belongings were severely damaged, Plaintiff suffered physical and emotional damage, loss wages, loss of enjoyment of life, and eventually lost her home. Defendants' egregious conduct caused harm to the Plaintiff without a valid search warrant or other legal justification.

20.	All named Defendants had a custom, pattern and practice of violating citizens Fourth and Fourteenth Amendments to the Constitution with warrantless searches. This custom, pattern and practice of warrantless searches is widespread in that the Sherriff of Madison County and the Madison Police Chief had actual and/or constructive knowledge of this custom pattern and practice. This custom, pattern and practice was the moving force for the violation of Susan Hill's Constitutional rights.

## ALLEGATIONS OF LAW

21.	All of the aforementioned acts resulting in a warrantless search and destruction of Mrs. Hill's home was done under the color of law and was the custom, policy and practice of Defendants.

22.	The acts of the above named Defendants were approved, encouraged or ratified by final policy makers including but not limited to; Madison County Sheriff, City of Madison Police Chief, former and current Administration, and thus constitute a custom, practice or usage of the City and County to impose liability and which was the moving force behind the deprivation of Plaintiff's Constitutional Rights as more particularly plead below.

23.   In addition, the custom, pattern and practice of the City of Madison Police Department, and the Madison County Sheriff's Department of warrantless searches and seizures in violation of similarly situated citizens Fourth and Fourteenth Amendments, amounts to deliberate indifference to the Constitutional Rights of Plaintiff and sufficient to impose municipal liability, and the moving force behind the deprivation of Plaintiff's Constitutional Rights.

## COUNT I

(Unreasonable Search and Seizure)

24.   Paragraphs 1-23 of the Complaint are incorporated are incorporated by reference as though pleaded in full.

25.   Plaintiff was subjected to an objectively unreasonable search and seizure and deprived of due process by Defendant officers when Defendants entered Ms. Hill's residence without a search warrant, deployed an unreasonable and massive amount of chemical agents, injured her, and destroyed her personal property. Due to Madison County's and the City of Madison's unwritten policies, practices and customs and failure to supervise the operations of its officers, Plaintiff suffered property damages, physical damages, emotional distress, and eventually lost her home.

26.   As a direct and proximate result of the above named Defendants' actions, as ratified, encouraged or approved by policymakers of Madison County and the City of Madison, Plaintiff was unable to enjoy her right to be free from unreasonable searches and seizures as granted by the Fourth and Fourteenth Amendments of the United States Constitution. In addition, Defendants were under a duty to protect Plaintiff Hill from the unlawful acts of the Defendants. And as a consequence Ms. Hill was deprived of certain rights, privileges, and immunities secured by the United States Constitution. Specifically

Susan Hill's Fourth and Fourteenth Amendment rights to procedural and substantive due process, and equal protection of the laws were violated by Defendants.

27. At all times material hereto, Defendants Madison County and the City of Madison, its agents, representatives, and employees acted pursuant to the policies regulations and decisions officially adopted or promulgated by those policies, regulations, and decisions officially adopted or promulgated by those persons whose acts may fairly be said to represent official policy of, or were pursuant to a governmental custom, usage and practice, or practice of Madison County and the City of Madison respectively.

## COUNT II

(Failure to Adequately Train and Supervise)

28. Paragraphs 1-27 of the Complaint are incorporated by reference as though pleaded in full.

29. Defendants Madison County and City of Madison failed to provide adequate and competent training and/or supervision to its officers, putative un-named Defendants John Does 1-10. The Defendants are tasked with the non-delegable duty and responsibility to formulate, oversee and implement official policies, procedures, practices and customs that were carried out by Madison County deputies, and City of Madison officers.

30. As a direct and proximate cause of the failure to properly develop, implement and otherwise carry out a policy of adequate police training and/or supervision, Plaintiff Hill was deprived of certain constitutional rights, privileges, immunities which if properly trained and supervised said defendant officers' would have known the illegality of defendants conduct. Accordingly, the deprivation of such rights, privileges, and immunities would not have occurred.

31.   Failure to provide such training and supervision was grossly negligent in that it amounted to deliberate indifference and blatant disregard for the rights, privileges and immunities of Plaintiff Susan Hill.

**WHEREFORE,** Plaintiff prays for relief set forth below.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Susan Hill seeks judgment from this Court for the following relief:

- a) Declaring that the Defendants acts, practices, policies, customs, and usages are unlawful and unconstitutional;
- b) Awarding Plaintiff compensatory damages against Defendants on all causes of Actions for all special, general, and compensatory damages recoverable by law in an amount as a jury may determine to be just and proper;
- c) Awarding Plaintiff her reasonable attorneys' fees, costs, and expenses pursuant to 42 USC Section 1988 (b) and other applicable law; and
- d) Granting such other relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues.

**SO COMPLAINED,** this the ___16th___ day of January, 2015.

Respectfully Submitted,

**SUSAN HILL, PLAINTIFF**

**By:** *Earle S Banks*
Earle Banks, Esq., MSB# 1732

**OF COUNSEL:**

**EARLE BANKS, ESQ.**
6520 Dogwood View Parkway
Jackson, Mississippi 39213
Telephone: 713-2223